IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION,

      Plaintiff,                           No. CIV S-07-1276 MCE DAD

     v.

RITH NOP, an individual, d/b/a        ORDER AND
COMPU-MEDIC SYSTEMS,

                                        FINDINGS AND RECOMMENDATIONS

      Defendant.

_____/

        This matter came before the court on March 7, 2008, for hearing on plaintiff's motion for default judgment against defendant. Jennifer N. Chiarelli appeared telephonically on behalf of plaintiff. There was no appearance by defendant. Having considered all written materials submitted in connection with the motion, and after hearing oral argument, for the reasons stated on the record and set forth below, the court recommends that plaintiff's motion be granted.

## BACKGROUND

        Plaintiff develops, markets, distributes, and licenses computer software. Plaintiff initiated this action for damages and injunctive relief against defendant for distributing infringing software. The complaint alleges claims for copyright infringement; trademark infringement; false designation of origin, false description, and false representation; common law unfair

competition; imposition of a constructive trust; and an accounting. The complaint seeks damages, a permanent injunction, attorney's fees and costs.

Although defendant was personally served with process, he failed to appear in this action. The Clerk of the Court entered defendant's default pursuant to Federal Rule of Civil Procedure 55(a) upon plaintiff's request. Plaintiff then filed the instant motion along with supporting declarations and exhibits. Despite being served with all papers filed in connection with plaintiff's motion for entry of default judgment, defendant filed no written response to the motion and made no appearance at the hearing of the motion.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944), and Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a

dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

The detailed allegations of plaintiff's complaint and the attached exhibits show that plaintiff holds valid copyrights for the following nine computer software programs, including the screen displays and associated proprietary materials, such as user's guides, manuals, end-user license agreements, and certificates of authenticity, that are packaged with the programs: (1) Microsoft Windows XP Professional, (2) Microsoft Office 2003 Professional, (3) Excel 2003, (4) Outlook 2003, (5) PowerPoint 2003, (6) Word 2003, (7) Publisher 2003, (8) Business Contact Manager for Outlook 2003, and (9) Access 2003. The complaint also indicates that these software programs bear at least seven trademarks that Microsoft has registered with the United States Patent and Trademark Office.

The summons and complaint were served on defendant on June 29, 2007, by personal service. Defendant failed to answer or otherwise appear in the action. Plaintiff requested entry of default and served the request on defendant on August 24, 2007. The Clerk entered defendant's default on August 27, 2007. Plaintiff filed and served its motion for default judgment on January 31, 2008.

Although plaintiff's complaint alleges willful infringement of copyrights and trademarks, plaintiff seeks only the maximum amount of statutory damages permitted for non-willful copyright infringement ($30,000 for each of nine copyrights at issue, for a total of $270,000) and the maximum amount of statutory damages permitted for non-willful trademark infringement ($100,000 for seven of eight trademarks at issue, for a total of $700,000).[1] In

---

[1] The maximum statutory damages per willful copyright infringement is $150,000, compared to the maximum of $30,000 per non-willful infringement. 17 U.S.C. § 504(c). The maximum statutory damages per willful trademark infringement is $1,000,000, compared to the maximum of $100,000 per non-willful infringement. 15 U.S.C. § 1117(c).

3

1  addition to the requested award of $970,000 in statutory damages, plaintiff seeks to enjoin
2  defendant from future infringement.  Plaintiff also requests an award of attorney fees and costs in
3  the amount of $7,233.75.
4       After weighing the Eitel factors, the undersigned finds that the material
5  allegations of the complaint are sufficient to support all of plaintiff's claims and that the amount
6  of money at stake is relatively small because plaintiff seeks only statutory damages for non-
7  willful infringement.  Plaintiff will be prejudiced if default judgment is denied because plaintiff
8  will be without other recourse for recovery.  In light of the entry of default against defendant,
9  there is no apparent possibility of a dispute concerning the material facts underlying the action.
10 There is no indication that defendant's default resulted from excusable neglect, in light of the fact
11 that plaintiff communicated with defendant by mail and telephone in 2003 requesting that he
12 cease and desist infringing activity, and that defendant was served with plaintiff's complaint,
13 plaintiff's request for entry of default, and plaintiff's motion for default judgment.  Defendant
14 had ample notice of plaintiff's intent to pursue judgment against him.  Although public policy
15 generally favors the resolution of a case on its merits, defendant's failure to appear and defend
16 against plaintiff's claims has made a decision on the merits impossible in this case.  Because all
17 of these factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy
18 that favors decisions on the merits, will recommend that default judgment be granted against
19 defendant on all of plaintiff's causes of action.
20      After determining that entry of default judgment is warranted, the court must next
21 determine the terms of the judgment.  The Copyright Act provides that "an infringer of copyright
22 is liable for either -- (1) the copyright owner's actual damages and any additional profits of the
23 infringer . . . or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).
24 Subsection (c), in turn, provides that

> the copyright owner may elect, at any time before final judgment is
> rendered, to recover, instead of actual damages and profits, an
> award of statutory damages for all infringements involved in the

|   |   |
|---|---|
| 1 | action, with respect to any one work, for which any one infringer is |
| 2 | liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just. |

17 U.S.C. § 504(c). In determining an amount that is just, courts consider such factors as

> (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant."

Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 125 (S.D.N.Y. 2003) (quoting Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., 807 F.2d 1110, 1117 (2d Cir. 1986)). See also Microsoft Corp. v. PC Express, 183 F. Supp. 2d 448, 454 (D.P.R. 2001) (listing same factors).

Similarly, the Lanham Act provides for statutory damages for trademark infringement, but in an amount "not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). "[T]he plain language of the statute affords plaintiffs the right to pursue statutory damages without proving actual damages; however, the statute does not provide guidelines for courts to use in determining an appropriate award." Louis Vuitton Malletier & Oakley, Inc. v. Veit, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002). See also Tiffany, 282 F. Supp. 2d at 124-25 (noting that the statute does not provide guidelines for courts to use in determining an appropriate award and that the award is only limited by what the court considers just). Courts have found guidance in the case law relating to the analogous provision for statutory damages in 17 U.S.C. § 504(c). See Tiffany, 282 F. Supp. 2d at 125; Louis Vuitton, 211 F. Supp. 2d at 583; Sara Lee Corp. v. Bags of New York, Inc., 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).

A plaintiff may be awarded statutory damages under both the Copyright Act and the Lanham Act where the defendant's act simultaneously infringed the plaintiff's copyright and its trademark. Nintendo of America, Inc. v. Dragon Pacific Int'l, 40 F.3d 1007, 1010-11 (9th Cir. 1994). This is permitted because the two statutory schemes serve different public policies, and

5

protect against and remedy different injuries. Id. (stating that a defendant commits two wrongs when his act violates both the Copyright Act and the Lanham Act and that damages may be awarded under both statutes in order to effectuate the purposes of both). As explained in another case involving plaintiff Microsoft:

> Defendants did not commit only one wrongful act. Had Defendants sold Plaintiff's computer programs without representing that they were Microsoft products, Defendants would have committed only copyright infringement. If Defendants had represented that the computer programs were Microsoft's, when in fact they were not, then Defendants violated the Lanham Act. While there was one act, there were two wrongs.

Microsoft Corp. v. Tierra Computer, Inc., 184 F. Supp. 2d 1329, 1331 (N.D. Ga. 2001) (citing Nintendo, 40 F.3d at 1010-11).

Here, no evidence submitted in connection with the instant motion addresses the expenses saved and profits reaped by defendant or the revenues lost by plaintiff, because such calculations have been rendered impossible due to defendant's failure to respond to plaintiff's complaint or plaintiff's motion for default judgment. The statutory damages provision was added in 1995 precisely "because 'counterfeiters' records are frequently nonexistent, inadequate, or deceptively kept . . . , making proving actual damages in these cases extremely difficult if not impossible.'" Tiffany, 282 F. Supp. 2d at 124 (citation to legislative record omitted). For that reason, "statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." Microsoft Corp. v. McGee, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007).

The undersigned finds that the requested award of $100,000 for each of seven trademarks infringed and $30,000 for each of nine copyrights infringed, for a combined total of $970,000 in damages, will likely serve to deter defendant and others. In addition, such an award appears to be commensurate with the value of plaintiff's copyrights and trademarks. Such an award is also in line not only with defendant's persistence in the unlawful distribution and sale of infringing software despite notice by plaintiff in 2003 but also with defendant's failure to

cooperate with plaintiff in its efforts to litigate this matter. Moreover, an award of $970,000 is also reasonable in light of the amount of damages awarded in similar cases. See Microsoft Corp. v. McGee, 490 F. Supp. 2d at 882 (after default, awarding statutory damages of $100,000 for each of five trademarks at issue and $30,000 for each of seven copyrights at issue, for a total of $710,000); Microsoft Corp. v. Sellers, 411 F. Supp. 2d 913, 921-22 (E.D. Tenn. 2006) (awarding maximum amount of statutory damages for non-willful infringement of two copyrights and four trademarks, for a total of $460,000 on summary judgment). See also Arista Records, Inc. v. Beker Enters. Int'l, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (after default, awarding statutory damages of $35,000 for each of 54 infringements, for a total of $1,890,000 plus interest); Tiffany, 282 F. Supp. 2d at 125 (awarding $550,000 in statutory damages after default). For all of these reasons, the undersigned finds that the requested award of $970,000 is just. The undersigned will therefore recommend that plaintiff be awarded the maximum statutory damages of $970,000.00 for non-willful infringement of nine valid copyrights and seven registered trademarks.

        The undersigned will also recommend that plaintiff be granted a permanent injunction to enjoin defendant from infringing on plaintiff's copyrights and trademarks. See MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993) ("As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations. . . . However § 502(a) of the Copyright Act authorizes the court to 'grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.'"); Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) (granting a permanent injunction as part of default judgment where the defendant's past behavior and on-going ability to infringe the plaintiff's copyright constituted a continued threat of future infringing activity and the defendant's lack of participation in the litigation gave the court no assurance that the infringing activity would cease). The defendant in this case continued to distribute infringing Microsoft software three years after Microsoft warned

1  defendant Rith Nop of his unlawful conduct in 2003.  There is no assurance that defendant will
2  refrain from further infringement, absent a permanent injunction.
3        The final component of plaintiff's request for relief is an award of attorneys' fees
4  and costs.  Both the Copyright Act and the Lanham Act authorize the award of attorneys' fees
5  and costs.  17 U.S.C. § 505; 15 U.S.C. § 1117(a).  Under the Copyright Act, "attorney's fees are
6  to be awarded to prevailing parties only as a matter of the court's discretion." Fogarty v. Fantasy,
7  Inc., 510 U.S. 517, 534 (1994).  Under the Lanham Act, the prevailing party may be awarded
8  reasonable attorney fees "in exceptional cases."  15 U.S.C. § 1117(a).  The latter statute does not
9  define the term "exceptional cases," but the Ninth Circuit has held that "attorneys' fees are
10 available in infringement cases where the acts of infringement can be characterized as malicious,
11 fraudulent, deliberate, or willful." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1023
12 (9th Cir. 2002) (citing Playboy Enters., Inc. v. Baccarat Clothing Co., 692 F.2d 1272, 1276 (9th
13 Cir. 1982)).
14       The undersigned finds that defendant's acts of infringement were willful and that
15 an award of attorneys' fees and costs is warranted under both statutes.  Upon consideration of
16 counsel's declaration and her statements in open court, the undersigned will recommend that
17 plaintiff be awarded attorneys' fees in the amount of $6,374.25 and costs in the amount of
18 $859.50, for a total award of $7,233.75 for attorneys' fees and costs.
19       IT IS HEREBY ORDERED that plaintiff shall serve a copy of this order and
20 findings and recommendations upon defendant by mail at his last known address within five days
21 after the order and findings and recommendations are served, and shall file a certificate of service
22 within five days thereafter; and
23       IT IS RECOMMENDED that:
24     1. Plaintiff's January 31, 2008 motion for default judgment be granted; and
25     2. Plaintiff's proposed order granting motion and proposed permanent injunction
26 be filed.

1    These findings and recommendations will be submitted to the United States
2    District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
3    twenty (20) days after being served with these findings and recommendations, any party may file
4    written objections with the court.  Such a document should be titled "Objections to Magistrate
5    Judge's Findings and Recommendations."  Any reply to objections shall be served and filed
6    within ten (10) days after service of the objections.  The parties are advised that failure to file
7    objections within the specified time may waive the right to appeal the District Court's order.  See
8    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9    DATED: March 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\microsoft1276.mdj.f&r